[No. 8309.  Department One.  October 28, 1909.]

## J. I. SEXTON et al., Appellants, v. WASHINGTON MINING & MILLING COMPANY, Respondent.[1]

MINES AND MINERALS—CLAIMS—ASSESSMENT WORK—ROAD BUILD-ING—STATUTES. Laws 1899, p. 73, § 14, providing that road work may apply on assessment work on mining claims, when authorized by a public meeting of at least twelve property holders called by the mining recorder, applies only to organized mining districts.

SAME—ROADS OUTSIDE CLAIM—UNORGANIZED DISTRICTS. The build-ing and construction of roads intended to be used in the general development of mining property in an unorganized mining district, although done outside the boundaries of a claim, is the doing of assessment work on the claim, within the meaning of the mining law.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 14, 1909, upon the ver-dict of a jury rendered in favor of the defendant, in an action to recover possession of mining claims. Affirmed.

*B. S. Grosscup* and *W. C. Morrow* (*O. O. McLane*, of counsel), for appellants.

*Johnston & Swindells*, for respondent.

MORRIS, J.—Appellant sought in this action to recover possession of four mining claims, situate in the Tahoma Mining District, claiming discovery, location, and record of the same, between June 28 and August 4, 1908; said claims being contiguous to each other and forming one tract. On August 17, 1908, respondent took possession of the claims, and has since that time remained in such possession. The answer alleged a prior discovery, location, and record of these claims, by W. K. and A. M. Irish, on different dates between September 25, 1897, and April 5, 1902, the performance of all assessment work thereon, and full compliance with all nec-essary requirements up to August 18, 1908, when the same

[1] Reported in 104 Pac. 614.

were conveyed to the respondent. Appellants in their reply alleged an abandonment by the Irish brothers and failure to comply with the necessary requirements. Upon these issues being submitted to a jury, a verdict was returned in favor of respondent, and from the judgment thereon, this appeal is taken.

The controlling assignment of error is in the admission of evidence showing the payment of $400 by the Irish brothers upon the construction of a road in the year 1907. Such road crosses one of the claims in controversy, and the expense of such construction, within the boundaries of such claim, exceeded the sum of $400, the question upon this appeal being, can the construction of a road, without the boundaries of a mining claim, be credited as assessment work upon such claim, such road providing access to such claim and others contiguous thereto, and being built for the benefit of mines and mining claims in the district. Laws 1899, page 69, chapter 45, provides as follows:

"Sec. 13. Any mining district organized in the state of Washington in accordance with the laws of the United States, shall have power to make rules and regulations for such mining district, providing such rules and regulations do not conflict with the laws of the state of Washington or of the United States.

"Sec. 14. Any mining district shall have the power to make road building to mining claims within such district applicable as assessment work, or improvement upon such claims: *Provided,* That rules pertaining to such road building shall be made only at a public meeting of the miners of such district regularly called by the mining recorder of such district: *Provided further,* That such meeting shall be attended by at least twelve (12) property holders of such district, and that no such rule can be made without the assent of a majority of the property holders of such district, who are present at such meeting. Such meeting to designate where, when and how such road work shall be done, and shall designate some one of their number who shall superintend such road building or construction, and who shall receipt for such labor to the performer thereof, such receipts to be filed with

the county auditor of the county in which such work is performed by the holder or holders of such receipts, and shall be received as *prima facie* evidence of labor performed as annual assessment work upon such claim or claims, as may be designated by an affidavit or oath of labor as provided for in section six (6) of this act: *Provided*, That nothing in this act can be construed as being mandatory upon any owner or holder of mining property to perform labor upon any such road."

It is the contention of appellant that the legislature has, by this act, determined the manner, and only manner, in which road building may be claimed as assessment work upon mining claims within this state; and that, having prescribed a certain specific way in which road building may be credited as assessment work, the rule of *expressio unius est exclusio alterius* applies, and excludes all other methods of building roads as a credit upon the necessary assessment work upon mining claims. There was no attempt to show any meeting of the miners of this district, attended by at least twelve, for the purpose of adopting any rules or regulations providing for the building of roads to mining claims as assessment work upon such claims.

It is apparent that the legislature in the above act is providing a rule to apply in cases of organized mining districts, having a mining recorder, and it may be that within such an organized mining district the statutory method is exclusive; but can it be said that, because the legislature has provided an exclusive procedure in organized districts, the statutory rule applies to unorganized mining districts, or to districts where there are less than twelve property holders, and hence too few to properly organize within the purview of, and obtain the benefit of, that act? Such a construction would work a great hardship upon the unorganized district, or upon the district where the mines were too few to permit of twelve locations and twelve property holders, and would mean that one class of miners would be granted a privilege that would be denied to others less fortunate in making their locations in

sections too limited to admit of an organization by twelve property holders. The policy of the Federal government, and of the state, in so far as it has sought to legislate, has been to encourage the discovery and location of mining claims, and in so far as there has been an attempt to create legislative rules and restrictions, such acts have been for the evident purpose of protecting the Federal government and the state from any claim upon its mineral lands, except by the citizen in honest endeavor and good faith. With this view, the courts have uniformly held that any work done upon the claim, or outside of any claim, if done for the purpose of furthering the development of such claim, is permissible and available as assessment work, as if done within the boundaries of the claim itself. *St. Louis Smelting Co. v. Kemp,* 104 U. S. 636, 26 L. Ed. 875; *Mount Diablo Mill & Min. Co. v. Callison,* 5 Sawyer 439; *Book v. Justice Mining Co.,* 58 Fed. 106.

In *St. Louis Smelting Co. v. Kemp, supra,* the court says:

"Labor and improvements, within the meaning of the statute, are deemed to have been had on a mining claim, whether it consists of one location or several, when the labor is performed or the improvements are made for its development, that is, to facilitate the extraction of the metals it may contain, though in fact such labor and improvements may be . . ., at a distance from the claim itself."

Yet the language of the Federal statute is to the effect that:

"On each claim located . . . and until patent has been issued therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year." Act of 1872, ch. 6, § 2324.

If it had been the purpose of the courts to narrow the construction of this act, the rulings would have been, following the language of the law, that the improvement work must be done "upon each claim located." Having in mind, however, the policy of the government, the miner has been permitted

to go outside the boundaries of his claim and perform labor, the purpose and effect of which was to aid in the development of his claim as a mine, and when so performed such labor is regarded as falling within the requirement of the statute, and becomes labor performed "upon each claim." So that, independent of the statute, there could be little doubt but that the performance of this labor in the construction of a road aiding in the general development of the combined properties would be a full compliance with the statutory requirement as to assessment work. Such is the holding in *Doherty v. Morris*, 17 Colo. 105, 28 Pac. 85.

Following out these general principles and attitude of the courts in construing such statutes, we hold that the provisions of the quoted act in regard to road building apply only to organized mining districts, and that where there is no organized district, the building and construction of roads which can and are intended to be used in the general development of the mining property, is a doing of assessment and improvement work within the meaning of the law.

The court was right in admitting the challenged evidence, and its ruling and judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.